# International Fabricating Corporation, Appellant, *v.* Scranton Silk Machine Co.

*Appeals—Objection not made in court below.*

1. Ordinarily an objection not made in the court below will not be considered on appeal.

*Judgment—Opening judgment—Affidavit for rule.*

2. It is not essential that an affidavit for a rule to open a judgment entered for want of a sufficient affidavit of defense, should aver that the matters omitted from the original affidavit could not have been discovered by the exercise of reasonable diligence before judgment was entered.

3. This is especially so where the omitted matters are set forth in the supplemental affidavit of defense filed by leave of the court below.

Argued February 22, 1921. Appeal, No. 220, Jan. T., 1921, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1919, No. 1031, opening judgment and allowing supplemental affidavit of defense to be filed, in case of International Fabricating Corporation v. Scranton Silk Machine Company. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to open judgment. Before EDWARDS, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute the rule to open judgment and allowed a supplemental affidavit of defense to be filed. Plaintiff appealed.

*Error assigned* was above order, quoting the record.

*Mulford Morris* and *A. L. Williams,* for appellant.— The defendant's petition does not state a case for equitable intervention: International Harvester Co. of Am. v. Miller, 51 Pa. Superior Ct. 324; State Camp v. Kelley, 267 Pa. 49; Fleisher v. Blackburn, 15 Pa. Superior Ct. 289; Andrews v. Packing Co., 206 Pa. 370; Donoghue v. O'Kane, 55 Pa. Superior Ct. 11; American Soda Water Co. v. Taggart, 46 Pa. Superior Ct. 123.

*T. A. Donahoe,* with him *F. J. Helriegel,* for appellee;

OPINION BY MR. JUSTICE SIMPSON, March 14, 1921:

A rule for judgment for want of a sufficient affidavit of defense having been made absolute, because the affidavit was not specific enough, defendant, two days later and within the term, petitioned the court below to open the judgment and allow it to file a supplemental affidavit of defense, alleging that "certain facts were inadvertently omitted from the [original] affidavit." After the term had expired, a rule to show cause was granted, to which defendant filed an answer; later the court opened the judgment and allowed a supplemental affidavit to be filed, and from this order plaintiff appeals.

The objections now urged are: (1) The petition for the rule was not sufficiently specific, in that it did not set forth the alleged inadvertently omitted facts, and did not aver they could not have been "discovered by the defendant by the exercise of reasonable diligence before judgment was entered".; and (2) The court below had no power to open the judgment after the expiration of the term at which it was entered. The latter point was not raised by the answer and hence will not be consid-

ered here; and the former, which is the rule as to alleged after-discovered evidence following a jury trial, furnishes no ground for reversing the court below for opening a judgment by default, especially where, as here, the supplemental affidavit of defense sets forth in detail the material facts which had been omitted from the original affidavit. Indeed, it would be an extreme case where we would reverse for granting a new trial because of such objections as those made here.

The order of the court below is affirmed.